Chester W. CAMPBELL,
Plaintiff-Appellee,

v.

UNITED STATES of America et al.,
Defendants-Appellants.

No. 75–2372.

United States Court of Appeals,
Sixth Circuit.

Submitted March 10, 1976.

Decided March 16, 1976.

Ralph B. Guy, Jr., U. S. Atty., L. Michael Wicks, Detroit, Mich., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellants.

James B. Feaster, Patmon, Young & Kirk, Frederick A. Patmon, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

■ The appeal by the Government presents again the issue of whether the termination of a taxpayer's taxable year pursuant to 26 U.S.C. § 6851 requires the issuance of a statutory notice of deficiency by the Commissioner. The District Court answered this question in the affirmative. We grant the motion of plaintiff-appellee to affirm, on authority of *Laing v. United States* and *United States v. Hall*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416, 44 U.S.

**1058**

L.W. 4035 (January 13, 1976), affirming the decision of this court in 6 Cir., 493 F.2d 1211.

On February 6, 1975, plaintiff was arrested and incarcerated in Oakland County, Michigan, for possession of a concealed weapon. On February 27, 1975, Detroit Police Officers, pursuant to a warrant, searched the residence of plaintiff-appellee in Wayne County, Michigan, and seized, among other things, cash in the amount of $280,100. On February 28, 1975, the Internal Revenue Service, pursuant to 26 U.S.C. § 6851, found that the collection of plaintiff-appellee's taxes was in jeopardy and immediately terminated plaintiff's tax year. On the same day IRS issued a jeopardy assessment and notice of demand (26 U.S.C. § 6861) upon plaintiff, seeking $137,823 in taxes due and served notice of levy for that amount upon the Detroit Police Department, which then surrendered the seized funds to IRS. On March 7, 1975, the Recorder's Court of Detroit ruled that the February 27 search was illegal and ordered the return of the funds illegally seized. The IRS issued no statutory notice of deficiency in compliance with 26 U.S.C. § 6861.

■ District Judge Charles W. Joiner enjoined any further levy upon the property of plaintiff-appellee or the collection of the tax imposed pursuant to the jeopardy assessment. The District Court enjoined the defendants from maintaining the February 28 levy and directed the return of the money surrendered to IRS by the Detroit Police Department. The defendants further were ordered to release any incumbrances upon the property of plaintiff-appellee by virtue of the February 28 assessment.

Plaintiff-appellee has made a motion to affirm pursuant to Sixth Circuit Rule 8. In view of the above-cited decision of the Supreme Court affirming the decision of this court in *Hall*, we conclude that it is manifest that the questions on which this decision depends are so unsubstantial as not to need further argument.

Affirmed.